In the Matter of WHITEFIELD REALTY, INC., Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of respondent, which denied petitioner's application for an increase of maximum rent as to certain housing accommodations, petitioner appeals from an order denying the petition and dismissing the proceeding. Order reversed, without costs, and matter remitted to respondent for further proceedings not inconsistent with the views hereinafter set forth. Appellant's application originally was for an increase as to each of the forty apartments in the subject premises. However, upon a prior similar proceeding, to review a previous determination denying that application, the matter was remitted to the respondent for consideration solely with respect to thirteen certain apartments in each of which a washing machine had been installed. A hearing before respondent ensued, following which the determination under review in the present proceeding was made. It appears from the record that appellant presented evidence at that hearing to the effect that appellant's previous single hot water and heating system had been adequate and that only by reason of the installation of a washing machine in each of the said thirteen apartments did it become necessary to install a separate hot water system, and that no competent evidence was adduced to the contrary. Respondent's determination contains lengthy findings as to facts of a general character not adduced at the hearing, which the appellant had no opportunity to controvert and, although the determination refers to " The position of the tenants ", no tenant appeared at the hearing. A general dissertation as to situations in other buildings is no valid reason for a denial in this instance. Under the circumstances, it appears that the installation of the separate hot water system was a major capital improvement and therefore an increase of the maximum rent of the thirteen apartments in question should have been granted, upon the authority of paragraph c of subdivision 1 of section 33 of the State Rent and Eviction Regulations. Accordingly, we are of opinion that the respondent's determination was arbitrary and capricious. Wenzel, Acting P. J., Schmidt and Murphy, JJ., concur; Beldock, J., with whom MacCrate, J., concurs, dissents and votes to affirm with the following memorandum: About May 15, 1952, the landlord, the appellant here, filed an application with the Temporary State Housing Rent Commission for an increase in rent under subdivision 1 of section 33 of the State Rent and Eviction Regulations (increase in services) against the forty tenants in the premises involved, based on the fact that thirteen of the tenants had installed washing machines in their apartments, which installation had caused an expenditure by the landlord of $1,040 for a new hot water heating system. On June 2, 1952, the local rent administrator denied the application on the ground that there was no increase in services. The landlord filed a protest and on September 12, 1952, the State Rent Administrator, respondent here, affirmed the determination of the local rent administrator, based on a finding that the installation by the landlord was not a major capital improvement, but merely a replacement of an old, deteriorated hot water system. In an

article 78 proceeding to review that determination, Special Term on November 3, 1952, remitted the matter to the State Rent Administrator to reconsider the application with respect to the thirteen tenants who had installed the washing machines. On February 13, 1953, the State Rent Administrator reaffirmed the determination of September 12, 1952. The new determination was based on a finding that there had not been an increase in any services which the tenants had not previously enjoyed, but rather an installation of new equipment to replace defective equipment in order to continue services to which the tenants were already entitled. The findings of said administrator were twofold: (1) that there had not been an increase in services; (2) that there was no major capital improvement, but only an ordinary repair and replacement. In my opinion, the findings of said administrator on both grounds are not arbitrary. The determination of the majority is based solely on the ground that the finding of the administrator with respect to the major capital improvement is arbitrary. We disagree with that determination for the following reasons: (a) The application for the rent increase was not made on the ground of a major capital improvement, but solely on the ground of an increase in services; (b) the appellant's argument in this court is directed solely to the claim that there was an increase in services; and (c) there was sufficient evidence in the record to justify the finding of the administrator that there was no major capital improvement.